IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBIN M. GOTT,

       Plaintiff,

v.                                                        Civil Action: 3:07-CV-145
                                                       (CHIEF JUDGE BAILEY)

THE RAYMOND CORPORATION,
a corporation; TOYOTA MATERIAL
HANDLING, U.S.A., INC., a corporation;
and GENERAL MOTORS CORPORATION,
a corporation,

       Defendants.

## MEMORANDUM, OPINION, and ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

On November 13, 2008, came the above named Plaintiff, by Edwin H. Pancake, via telephone, and Defendant, The Raymond Corporation, by Christopher S. Arnold, via telephone, for Plaintiff's Motion to Compel Discovery. Testimony was not taken, and no other evidence was introduced.

I. Introduction

A.   Background.

Plaintiff, an employee of Defendant, General Motors Corporation, ("GMC") filed this action against Defendants in the Circuit Court of Berkeley County on September 4, 2007. Plaintiff was involved in an accident while operating a forklift that required amputation of Plaintiff's left foot. The Complaint alleges that a forklift manufactured by the Raymond Corporation, ("Raymond") and Toyota Material Handling, USA, Inc., ("Toyota") was defective

and Raymond and Toyota are strictly liable for Plaintiff's injuries. The Complaint also alleges violations of express and implied warranties, and negligent and gross negligent design, manufacture, inspection, distribution, selling and failure to provide adequate warnings and safety devices. The Complaint alleges Defendant, GMC, acted with deliberate intent as described in West Virginia Code § 23-4-2. Defendants removed the action to this Court on November 7, 2007.

The parties engaged in discovery and a dispute arose. Chief Judge John Preston Bailey set October 10, 2008 as the due date for discovery completion in his initial Scheduling Order.[1] Plaintiff served, via facsimile, his Request for Production of Documents and Things to Defendant The Raymond Corporation on September 10, 2008.[2] Plaintiff filed his Motion to Compel on October 16, 2008.[3] This Court set an evidentiary hearing and argument for November 13, 2008.[4] The hearing was held on that date.

B.  The Motion.

Plaintiffs' Motion to Compel Defendant The Raymond Corporation to Respond to Plaintiff's Request for Production of Documents and Things Pertaining to Expert Witnesses.[5]

C.  Decision.

Plaintiff's Motion to Compel Discovery is **DENIED** because the discovery was not

---

[1] Docket No. 13.

[2] Docket No. 84.

[3] Docket No. 96.

[4] Docket No. 109.

[5] Docket No. 96.

served timely under the Scheduling Order.

## II. Facts

1.      Plaintiff served Plaintiff's Request for Production of Documents and Things to Defendant The Raymond Corporation Pertaining to Its Expert Witnesses on September 10, 2008.

2.      Defendant failed to respond.

3.      On October 14, 2008, Plaintiff's counsel notified counsel for Defendant, The Raymond Corporation that they had not yet responded to Plaintiff's Request for Production of Documents.

4.      Defendant's counsel informed Plaintiff's counsel that The Raymond Corporation would not be responding to Plaintiff's Request for Production of Documents because the request was "untimely filed" pursuant to Fed. R. Civ. P. 6(d).

5.      Plaintiff filed her Motion to Compel on October 16, 2008.

## III.  Plaintiff's Motion to Compel

A.      Contentions of the Parties

Plaintiff contends that Defendant The Raymond Corporation did not respond nor object to the discovery requests within the appropriate time frame as set forth in the rules.  Plaintiff further contends that her discovery was timely served pursuant to the Court's Local Rule 5.05 pertaining to service of documents served via facsimile and U.S. mail on September 10, 2008.  In her brief, and at oral argument, Plaintiff argues that Defendant The Raymond Corporation had thirty days from September 10, 2008 within which to respond in writing and that Fed. R. Civ. P. 6(d) is not applicable.

Defendant argues that Plaintiff's Request for Production of Documents was not served far enough in advance of the discovery completion date.  The Scheduling Order mandated that discovery was to be completed by October 10, 2008.  Plaintiff served her Request for Production

of Documents by facsimile transmission on September 10, 2008. Defendant argues that Fed. R. Civ. P 34(b)(2)(A) sets forth a 30 day response period, but because this rule requires a party to act within a specified time period, Fed. R. Civ. P. 6(d) is triggered. Rule 6(d) adds three days to the response period for document requests. Defendant contends that the deadline to respond to Plaintiff's Request for Production of Documents served on September 10, 2008 was October 13, 2008, 33 days after service, and not October 10, 2008. Therefore, Defendant argues, responses to Plaintiff's request would have been due three days after October 10, 2008, the deadline set in the Scheduling Order for discovery completion.

B.  The Standards

1.  Discovery - Scope. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2.  Discovery - Scope. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A.

No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[6]

3. <u>Discovery - Relevancy</u>. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

4. <u>Discovery - Motion to Compel</u>. Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." <u>Id.</u>

5. <u>Discovery - Motion to Compel - Burden of Proof</u>. The party opposing a motion to compel bears the burden of showing why it should not be granted. <u>Roesberg v. Johns-

---

[6] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

C.     Discussion

Fed. R. Civ. P. 34(b)(2)(A) governs requests for production of documents and states that "the party to whom the request is directed must respond in writing within 30 days after being served." However, it is well settled that Fed. R. Civ. P. 6(d) is triggered when, in instances such as the one before this Court, "a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F)." Rule 6(d) adds three days after the period would otherwise expire.

Chief Judge Bailey set October 10, 2008 as the deadline for discovery completion. The Scheduling Order followed the definition used in Fed. R. Civ. P. 16(b) for "completed discovery." Fed. R. Civ. P. 16(b) defines "completed discovery" to mean that all discovery requests are to be filed far enough in advance to be completed as required by the rules before the discovery deadline. In order to comply with the October 10, 2008 deadline, Plaintiff would have had to serve her Request for Production of Documents on September 7, 2008, as opposed to September 10, 2008, the date she actually served her Request for Production of Documents and Things Pertaining to Expert Witnesses on Defendant The Raymond Corporation. Because Plaintiff failed to served her Request for Production of Documents far enough in advance for responses to be served prior to the discovery completion date, her discovery requests were untimely and her Motion to Compel must therefore be denied. See Nesselrotte v. Allegheny Energy, Inc., 2008 WL 1925107 (W.D. Pa. April 30, 2008).[7]

---

[7] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and

IV. Decision

Plaintiffs' Motion to Compel Defendant The Raymond Corporation to Respond to Plaintiff's Request for Production of Documents and Things Pertaining to Expert Witnesses is **DENIED** because her Request for Production of Documents was untimely served under the Scheduling Order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 14, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.